**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| JANELLE A. RODRIGUEZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:19-cv-01138 |
| I.Q. DATA INTERNATIONAL, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JANELLE A. RODRIGUEZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4.   Plaintiff is a consumer over the age-of-18, residing in San Antonio, Texas, which lies within the Western District of Texas.

5.   Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39)

6.   Defendant provides third party debt collection services.  Defendant's principal place of business is located at 21222 30th Drive, Suite 120, Bothell, Washington 98028.  Defendant regularly collects upon consumers located within the State of Texas.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.    The instant action stems from Defendant's attempts to collect upon a defaulted real estate lease ("subject debt") that Plaintiff purportedly owes to Rosemont at University Park ("Rosemont").

10.  On or around September 17, 2019, Defendant telephonically contacted Plaintiff in an attempt to collect upon the subject debt.

11.  On at least one occasion, Defendant inquired as to the identity of other persons related to Plaintiff and asked if they could make a payment toward the subject debt.

12.   Plaintiff explained to Defendant that the related persons referenced in paragraph 11 are her younger siblings and that Plaintiff is their primary caretaker.

13.   Moreover, Plaintiff disputed the amount Defendant was attempting to collect under the subject debt.

14.   In response, Defendant attacked Plaintiff's character and alluded that she was lying to Defendant.

15.   Moreover, Defendant mocked Plaintiff and invoked Plaintiff's younger siblings by telling Plaintiff "to have fun explaining [why she's in collections] to her siblings." It was Defendant's goal to shame Plaintiff for allegedly failing to address the subject debt.

16.   Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights.

17.   Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendant's conduct.

18.   Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed

or due to others. Defendant has been a member of the Association of Credit Collection Professionals, an association of debt collectors, since 2007.[1]

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692d

24. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

25. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unwarranted attack on Plaintiff's character and by seeking to embarrass her for allegedly failing to address the subject debt.

### b.  Violations of FDCPA § 1692e

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

28. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and

---

[1] https://www.acainternational.org/search#memberdirectory

oppress Plaintiff when it attacked Plaintiff's character and sought to embarrass her. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

### c.  Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. Specifically, it was unfair for Defendant to use personal attacks to assault Plaintiff in its debt collection campaign. Any reasonable fact finder will conclude that Defendant's verbal assault was an unfair and unconscionable effort to collect upon the subject debt.

WHEREFORE, Plaintiff, JANELLE A. RODRIGUEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

34. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.302

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(1), states that "a debt collector may not oppress, harass, or abuse a person by using profane or obscene language intended to abuse unreasonably the hearer or reader[.]"

36. Defendant violated the TDCA by using personal attacks for the express purpose of abusing Plaintiff. By attacking Plaintiff's character and seeking to embarrass her, Defendant transparently attempted to harass Plaintiff into submission. Consequently, Defendant's debt collection practices violated the TDCA.

WHEREFORE, Plaintiff, JANELLE A. RODRIGUEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 20, 2019

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

Respectfully submitted,

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com